IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANDREW LENARD HARDESTY | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-259 |
| UNIV. OF TEXAS MEDICAL BRANCH | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Andrew Lenard Hardesty, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff's Motion

Plaintiff asserts a claim of deliberate indifference to serious medical needs. He states he suffered a stroke in 2019 and has not received proper medical care. Plaintiff asserts this has resulted in facial paralysis.

Plaintiff has filed a motion (doc. #6) seeking a preliminary injunction or temporary restraining order. Plaintiff asks the court to direct Defendants to not interfere with his ability to receive treatment from outside medical providers when requested for serious conditions, and to provide him with chronic care appointments and medications through prison sources. Plaintiff also requests that Defendants be enjoined from: (a) conducting malicious searches of cells or persons; (b) giving correspondence to inmates other than the addressee; (c) being transferred to another prison unit unless requested; (d) denying visits or telephone privileges except when being punished and (e) denying visits as a result of an inmate not being vaccinated for Covid-19.

Analysis

A party seeking a preliminary injunction or temporary restraining order must establish the following: (1) there is a substantial likelihood he will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if injunctive relief is denied; (3) the threatened injury outweighs the threatened harm to Defendants and (4) granting relief will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). Injunctive relief should be granted only if the party has clearly carried the burden of persuasion as to all four elements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

With respect to his request for relief unrelated to his medical care, Plaintiff does not state he has: (a) been subjected to malicious searches; (b) had his mail given to other inmates; (c) been subjected to an involuntary transfer; (d) been denied visits or telephone privileges when not being punished or (e) been denied visitation because he is not vaccinated. Nor does he state he has been threatened with such actions. As a result, Plaintiff has failed to demonstrate there is a substantial threat that irreparable harm will result if this type of relief is not granted.

Plaintiff also seeks relief related to his medical care. Plaintiff describes a very serious medical condition. However, at this stage of the proceedings it cannot be concluded there is a substantial likelihood he will prevail on the merits of his underlying claim. He is therefore not entitled to preliminary injunctive relief at this time.

Recommendation

Plaintiff's motion for a preliminary injunction or temporary restraining order should be denied.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

Failure to object bars a party from (1) *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996).

**SIGNED this the 12th day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE