IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANDREW LENARD HARDESTY | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-259 |
| UNIV. OF TEX. MED. BRANCH, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

    Plaintiff Andrew Lenard Hardesty, an inmate confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the University of Texas, Medical Branch ("UTMB"), the Texas Department of Criminal Justice ("TDCJ") and the Department of Veterans Affairs ("DVA"). Plaintiff's claim against the DVA is construed as being asserted pursuant to the Federal Tort Claims Act ("FTCA").

    This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Factual Allegations

    Plaintiff states that in 2010, he suffered a seizure and received treatment in a hospital operated by the DVA. He alleges he was prescribed Depakote, an anti-seizure medication that also acted as a mood stabilizer. Plaintiff asserts that in November, 2019, a psychiatrist employed by UTMB discontinued Plaintiff's prescription. He states he subsequently suffered a seizure. Plaintiff alleges he did not receive proper medical care, which resulted in facial paralysis. Plaintiff contends the DVA should have monitored him and continued to provide treatment.

Discussion

*Claims Against UTMB and TDCJ*

Under the Eleventh Amendment to the Constitution, states and their agencies may not be sued unless they have consented to the particular type of suit. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). The Eleventh Amendment bars suits against a state or its agencies regardless of the relief sought. *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001) (*en banc*). TDCJ and UTMB are agencies of the State of Texas and are therefore immune from suit under the Eleventh Amendment. *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (UTMB as a state agency is immune from suit under the Eleventh Amendment); *Harris v. Angelina Cty., Tex.*, 31 F.3d 331, 337 n.7 (5th Cir. 1994)) (TDCJ is immune from suit under the Eleventh Amendment). As a result, the court lacks subject-matter jurisdiction over the claims against UTMB and TDCJ.

*Claims Against the DVA*

The FTCA waives sovereign immunity and permits lawsuits against the United States. *Freeman v. United States*, 566 F.3d 326, 334 (5th Cir. 2009). However, in order to sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant. As Plaintiff did not name the United States as a defendant, the FTCA does not provide a basis for jurisdiction with respect to his claim against the DVA. *Vance v. U.S. Dep't of Labor*, 813 F. App'x 984, 984 (5th Cir. 2020) (plaintiff could not proceed under the FTCA because she named the Department of Labor and the Postal Inspection Service as defendants rather than the United States) (citing *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998)).

Recommendation

This lawsuit should be dismissed without prejudice for lack of subject-matter jurisdiction.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 21st day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE